IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VINCENT CASSEUS,

                      Petitioner,

v.                                           OPINION and ORDER

E. EMMERICH,                               24-cv-776-jdp

                      Respondent.

---

Petitioner Vincent Casseus, proceeding without counsel, seeks emergency relief under 28 U.S.C. § 2241. Dkt. 1. Casseus contends that Bureau of Prison officials have denied him 490 days of time credit under the First Step Act that, if applied to his sentence, would result in his immediate placement in a halfway house.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because Casseus hasn't exhausted his administrative remedies.

I begin with some background. In June 2019, Casseus was convicted in the Southern District of Florida of possession with intent to distribute 500 grams or more of cocaine. *United States v. Casseus*, No. 18-cr-20470 (S.D. Fla.), Dkt. 73. Casseus was sentenced to 110 months' imprisonment and he was ordered to surrender to immigration authorities for removal proceedings after completing his prison term. *Id.* at 2, 4. Casseus is housed at FCI Oxford and

the Bureau of Prison's online inmate locator shows that he has a projected release date of April 24, 2026.

In his petition, Casseus contends that BOP officials have denied him 490 days of FSA time credit toward placement in a halfway house based on a mistaken determination that he's subject to a final order of removal. Casseus explains that he's subject to an immigration detainer, not a final order of removal. Casseus contends that the BOP's decision is erroneous because deportable aliens are ineligible to have earned time credits applied to their sentences only if they're subject to a final order of removal. Dkt. 1 at 1 (citing 18 U.S.C. § 3632(d)(4)(E)).

Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); 28 C.F.R. §§ 542.14(a), 542.15(a). The issue that Casseus raises requires a detailed analysis of his eligibility for time credits, which the BOP is charged with calculating. Furthermore, Casseus "is challenging a fact-specific determination that his order of deportation is final." *See Bojorquez-Valenzuela v. Emmerich*, No. 24-cv-529-jdp, 2024 WL 4480252, at *2 (W.D. Wis. Sept. 18, 2024). If Casseus is contending that the BOP has an official policy of denying FSA time credits to prisoners subject to immigration detainers, that policy was rescinded in February of 2023. *See De Lima v. Warden, FCI Ft. Dix NJ*, No. 24-cv-6925, 2024 WL 3580665, at *1 (D.N.J. July 26, 2024) (citing BOP Program Statement 5410.01, subject to Change Notice 5410.01 CN1). Casseus must exhaust the remedies available to him within the BOP before turning to the court for relief.

ORDER

IT IS ORDERED that:

1. Petitioner Vincent Casseus's emergency petition, Dkt. 1, is DISMISSED for failure to exhaust administrative remedies.

2. The clerk of court is directed to enter judgment and close the case.

Entered November 15, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge